IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-10056-05-WEB |
| ) | |
| JUAN ESPINOZA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing of January 27, 2007. This written memorandum will supplement the court's oral ruling.

1. <u>Defendant's first objection is to PSR's 2-level increase pursuant to USSG § 2D.1.1(b)(4) for an offense involving the importation of methamphetamine</u>.  Defendant argues there is no evidence that the methamphetamine he distributed was imported from outside the United States.

The Court finds that the 2-level enhancement for importation of methamphetamine should be applied. The facts established by the Government pursuant to its proffer[1] show that the methamphetamine distributed by the defendant was more likely than not imported from Mexico. Among other things, the court notes the Government has cited strong evidence (including tape-recorded conversations) showing that defendant was aware of and actively involved with the same

---

[1] At the sentencing hearing the Government was prepared to present the testimony of a DEA Task Force Agent to establish the facts alleged in its response to defendant's objections. The defendant stipulated, however, to the Government's presentation of such evidence by way of a proffer.

individuals who were importing large quantities of methamphetamine from Mexico. The defendant's first objection is therefore denied.[2]

2. <u>Defendant's second objection is that he should receive a decrease under § 3B1.2 for being a minor or minimal participant in the offense.</u>

The court finds defendant has failed meet his burden of proving his minor or minimal participation. *See United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir.1999) (defendant has burden of proving entitlement to reduction). The Government's proffer shows that the defendant was instrumental in reinitiating contact with the Government's CI following the arrest of Alfredo Garcia-Garcia, and that the defendant acted as a facilitator in arranging for the distribution of a significant quantity of methamphetamine by Simon Hernandez-Morales on August 2, 2006. Such actions are contrary to any reduction for minor role. Additionally, the court notes the defendant is being held directly responsible only for the methamphetamine he distributed, and he was not a minor participant as to that conduct.

3. & 4. <u>Defendant's third and fourth objection argue he is entitled to application of the safety valve and a corresponding 2-level decrease.</u>

Section 5C1.2 requires application of the safety valve if certain requirements are met, including if "[n]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...." This provision

---

[2] In its response to this objection, the Government argues that the 4.9 kilos of methamphetamine brought into the United States on March 16, 2006, should be included in defendant's base offense level based on defendant's participation in the conspiracy responsible for that act. Although the defendant could conceivably be held responsible for that act based upon the relevant conduct provisions of USSG § 1B1.3(a), the court will not include it in his base offense level because it was not included in the PSR calculation initially and the Government filed no objection to the offense level in the Report.

requires disclosure of "everything [defendant] knows about his own actions and those of his co-conspirators." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1276 (10th Cir. 2004). To qualify for the safety-valve, a defendant must provide information that is not merely truthful but also complete. *Id*. at 1277.

The Government has presented clear evidence by way of proffer that the information given by the defendant was both incomplete and untruthful. The defendant repeatedly and significantly understated his own role in the ongoing criminal activity, and he failed to fully disclose his knowledge about others who were participating in the same course of conduct despite the fact that undercover tape recorded statements of the defendant showed he had "inside" knowledge of the workings of the conspiracy. The Court concludes the defendant has failed to show that he truthfully provided all of the information he had about the offense and the offenses that were part of the same course conduct. *Cf. Salazar-Samaniega*, 361 F.3d at 1277 (no reduction for defendant who failed to completely answer questions).

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this 29th Day of January, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge