IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. )
)
)
)
JUAN ESPINOZA, )
) No. 06-10056-05 WEB
Defendant )
)
)
)

**Memorandum and Order**

The matter is before the court for review of CJA payment vouchers submitted by attorney, Roger Falk, who represented Defendant Juan Espinoza. Counsel appointed under the CJA may be compensated for time "reasonably expended" and expenses "reasonably incurred." 18 U.S.C. §3006A(d)(1).

**Discussion**

The "district court... shall fix the compensation and reimbursement to be paid." 18 U.S.C. 3006A(d)(5). This Court, "as the body empowered to 'fix' CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time." *U.S. v. Moreira,* 2009 WL 362095, 1 (S.D. Fla. 2009).

The CJA "provides that the reviewing judge shall fix the compensation and reimbursement to be paid to appointed counsel. If the court determines that a claim should be reduced, appointed counsel should be provided prior notice of the proposed reduction with a brief statement of the reason(s) for it, and an opportunity to address the matter." *Guidelines for the Administration of the Criminal Justice Act* (hereinafter "CJA Guidelines"), Volume VII, *Guide to Judiciary Policies and Procedures,* at §230.36(a).

**<u>Secretarial Tasks and Other Non-Reimbursable Items</u>**

Certain items are expressly non-reimbursable under the CJA Guidelines. General office overhead costs are calculated and built into the CJA hourly fee. These costs, including personnel, rent, telephone service, and secretarial staff, are not reimbursable. *See,* CJA Guidelines, § 230.66.10. Regardless of "whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable...secretarial." *Id.* at (b).

Upon review of the vouchers, the Court finds that time billed for tasks such as opening a file, creating a Pacer account, calendaring deadlines, and repeated calls to chambers to ask questions are not billable items. As the Guidelines provide, regardless of whether these tasks are performed by counsel or support staff, it is not billable. Similarly, inter-office staff meetings and office conferences "re: paperwork that needs to be done in case" are not billable as counsel time.

Based upon its review of the billing statements, the Court finds that 6.9 hours were

billed for secretarial and otherwise non-reimbursable tasks and intends to cut Mr. Falk's bill accordingly.

**<u>Reasonable Time</u>**

This Court is tasked with fixing compensation and determining what a reasonable fee is in this case. *See,* 18 U.S.C. §3006A(d)(1) & (5). *See also, U.S. v. Moreira,* 2009 WL 362095, 1 (S.D. Fla. 2009). In evaluating the reasonableness of CJA vouchers, the Court reviews the facts of each case, the nature of the case, and the particular needs of the defendant.

Mr. Falk was appointed June 5, 2008–after another attorney had counseled the defendant through his guilty plea and sentencing. The defendant filed a *pro se* Motion for Extension of Time to File Notice of Appeal (Doc. 142) on April 23, 2007. On December 31, 2007, the defendant filed a Motion to Vacate under 28 U.S.C. 2255 alleging "ineffective assistance of counsel in failing to file a notice of appeal as specifically requested to do so." (Doc. 148, p. 4). The Government filed a response to the defendant's Motion to Vacate on March 5, 2008. The defendant filed a reply on April 18, 2008. Then, on June 5, 2008, the Court appointed Mr. Falk to represent the defendant in anticipation of an evidentiary hearing regarding his 2255 Motion and to file the notice of appeal.

After Mr. Falk's appointment, the docket shows no activity until the Court scheduled a hearing for January 23, 2009. A review of the Court's file and Mr. Falk's vouchers show that the evidentiary hearing was initially scheduled for August 13, 2008.

However, the hearing was cancelled after the parties advised the Court that they had reached an agreement. Then, Mr. Falk phoned the Court on August 19, 2008 to advise that the parties had reached an agreement to allow the defendant to file a notice of appeal out of time. This fact is confirmed by Mr. Falk's billings attached to his CJA voucher. Mr. Falk was directed to communicate with the government and submit an agreed upon order to the Court.

Despite the efforts of the Court to get the matter resolved, as of January 8, 2009–nearly 5 months later–no agreed order had been submitted. On that date, the Court on its own initiative scheduled a hearing for January 23, 2009. Mr. Falk's own billings show that no work was performed between his August 19, 2008 phone call and January 22, 2009–the day before the hearing. At the hearing, the Court granted the defendant an additional 10 days to file a Notice of Appeal.

The 10 day extension passed with no such filing by Mr. Falk. In fact, Mr. Falk's billings show that no work was done on this case until July 13, 2009–over 5 months after the 10 day extension to file the Notice of Appeal.

On August 5, 2009, Mr. Falk filed a Motion to File Notice of Appeal Out of Time (Doc. 156). As noted in Mr. Falk's motion, the government did not object. The next day the Court granted the motion, noting that Mr. Falk's neglect would result in "substantial prejudice if he were not allowed to file his Notice of Appeal out of Time..." (Doc. 157, pp. 1-2.) On August 10, 2009, almost a year to the day of when Mr. Falk first advised the Court that the parties had come to an agreement allowing the defendant to file his

4

notice of appeal out of time, Mr. Falk filed the Notice of Appeal. (Doc. 158).

After reviewing the docket, the Court's file, and Mr. Falk's vouchers, this Court is reminded of Mr. Falk's admitted neglect in the handling of this case. Whether this neglect rises beyond the specter of excusable is not before the Court at this time. However, based on Mr. Falk's degree of service to his client in this case and the delay with which it was performed, this Court determines that a reasonable fee is a total of 5 hours.

Although Mr. Falk's services spanned over a year, this Court is well aware that had Mr. Falk made it a priority, the case could have been resolved in August 2008 when the parties reached the agreement. The fact that Mr. Falk left the case untouched for months on end which required him to re-review the file in order to work on the case should not be rewarded with more billable hours. The Court must note that this is not the only instance of Mr. Falk submitting an excessive voucher for his work in a CJA appointed case. The Court finds that 5 hours is a reasonable amount of time to review this case file, communicate with the government, and dispose of the matter. The Court intends to cut Mr. Falk's voucher accordingly.

## **Conclusion**

In accordance with the CJA Guidelines, which require that "[i]f the court determines that a claim should be reduced, appointed counsel should be provided prior notice of the proposed reduction with a brief statement of the reason(s) for it, and an opportunity to address the matter," the Court grants Mr. Falk until June 3, 2010 to file a

written response. §230.36(a). If a response is filed, the Court will review it before making a final order.

IT IS SO ORDERED this 21st day of May, 2010 at Wichita, Kansas.

s/ Wesley E. Brown

U.S. Senior District Judge